THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **BRENT BINGHAM,**<br><br>       **Plaintiff,**<br><br>v.<br><br>**PROGRESSIVE COMMERCIAL CASUALTY COMPANY and UNITED FINANCIAL CASUALTY COMPANY,**<br><br>       **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 1:22-cv-00148-DBB-JCB**<br><br>**District Judge David Barlow**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Brent Bingham's ("Mr. Bingham") short form discovery motion to extend the fact discovery deadline.[2] Oral argument on the motion occurred on December 21, 2023, at which counsel for Mr. Bingham and Defendants Progressive Commercial Casualty Company and United Financial Casualty Company (collectively, "Defendants") participated.[3] At the conclusion of the hearing, the court took the motion under advisement. The court has carefully considered the parties' written submissions and oral arguments. As set forth below, the court grants in part and denies in part Mr. Bingham's motion.

---

[1] ECF No. 13.

[2] ECF No. 27.

[3] ECF No. 31.

## BACKGROUND

Mr. Bingham commenced this action in state court, and Defendants removed to this court.[4] The operative scheduling order set December 28, 2023, as the fact discovery deadline.[5] In the past several months, Mr. Bingham conducted depositions of Defendants' employees from which he gleaned the need to take additional depositions of two individuals: (1) an attorney and (2) a doctor who assisted Defendants in making a decision regarding the underinsured motorist claim at issue in this case.[6] Due to the hectic schedules of both witnesses, counsel for the parties commendably stipulated to taking those depositions *after* the close of fact discovery.[7] The parties also agreed to an examination of Mr. Bingham under Fed. R. Civ. P. 35 that will be conducted after the close of fact discovery.[8]

Besides the Rule 35 examination and the depositions of the two witnesses referenced above, Mr. Bingham also issued a notice under Fed. R. Civ. P. 30(b)(6).[9] However, Mr. Bingham's Rule 30(b)(6) notice was served on November 20, 2023,[10] which was fewer than 45 days before the end of fact discovery, in contravention of DUCivR 30-2. Additionally, Mr. Bingham's Rule 30(b)(6) notice contained 42 topics, which greatly exceeds the limit of 20 topics

---

[4] ECF No. 2.
[5] ECF No. 19 at 4.
[6] ECF No. 27 at 2.
[7] ECF No. 29 at 2-3.
[8] ECF No. 26.
[9] ECF No. 27 at 2.
[10] *Id*.

under the above-referenced local rule. Defendants objected to Mr. Bingham's Rule 30(b)(6) notice on grounds of untimeliness and exceeding the allowed number of topics.

Defendants' objections caused Mr. Bingham to file the instant motion seeking to extend fact discovery for 90 days so that the Rule 30(b)(6) notice could be considered timely and that the two remaining depositions and the Rule 35 examination could be conducted within the fact discovery deadline.[11] Defendants oppose Mr. Bingham's motion as to the Rule 30(b)(6) deposition because the notice of that deposition was untimely under DUCivR 30-2 but agree to the two previously stipulated depositions and the Rule 35 examination even though they will occur outside the current fact discovery deadline.[12]

## ANALYSIS

To accommodate the parties' stipulation, the court extends fact discovery. The Federal Rules of Civil Procedure and their local counterparts address two categories of dates: (1) those that the parties can agree upon *without* court intervention; and (2) those that the court must approve regardless of whether the parties agree. By illustration, Fed. R. Civ. P. 29(b) provides:

> Unless the court orders otherwise, the parties may stipulate that . . . other procedures governing or limiting discovery be modified—*but a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery*, for hearing a motion, or for trial.[13]

---

[11] ECF No. 27.

[12] ECF No. 29.

[13] Fed. R. Civ. P. 29(b) (emphasis added); s*ee also* DUCivR 83-6 ("No stipulation between the parties modifying a prior order of the court or affecting the course or conduct of any civil proceeding will be effective until approved by the court.").

3

Thus, under Rule 29(b), a party can agree to extend an opponent's deadline to respond to interrogatories without court approval *unless* that stipulated extension would change a deadline that the court set in a Fed. R. Civ. P. 16 scheduling order.

Although the court applauds the cooperation of counsel when dealing with the remaining two depositions to be taken and the Rule 35 examination, the legal reality is that the parties' stipulation is not valid without the court's approval. To accommodate the parties' commendable cooperation, the court extends fact discovery until February 29, 2024, because the parties stipulated to taking the deposition of the last stipulated witness sometime in February 2024. The court is not persuaded that any additional extension of fact discovery is warranted.

With fact discovery extended, the court now turns to Mr. Bingham's Rule 30(b)(6) deposition notice. Under the prior fact discovery deadline, Mr. Bingham's Rule 30(b)(6) notice was untimely under DUCivR 30-2 because it was not served at least 45 days prior to the fact discovery cutoff. However, the extension of fact discovery until February 29, 2024, moots the untimeliness objection that Defendants appropriately raised.

Nevertheless, the extension of the fact discovery deadline does not cure Mr. Bingham's failure to abide by DUCivR 30-2's limitation of 20 topics for his Rule 30(b)(6) notice. Mr. Bingham's inclusion of 42 topics in his Rule 30(b)(6) notice not only violates the numerosity requirements of DUCivR 30-2, but it also ignores Fed. R. Civ. P. 26(b)(1)'s requirement that discovery requests be proportional to the needs of the case. Therefore, Mr. Bingham's November 2023 Rule 30(b)(6) deposition notice is stricken.

Although his prior Rule 30(b)(6) notice is stricken, Mr. Bingham still has time to comply with the local rule's 45-day requirement given the extension of fact discovery until February 29,

2024. To ensure that the notice is timely served, the court orders Mr. Bingham to serve any new Rule 30(b)(6) notice on Defendants by no later than January 15, 2024. The court limits Mr. Bingham's Rule 30(b)(6) notice to 20 topics in accordance with DUCivR 30-2 and orders Mr. Bingham to describe each topic with "reasonable particularity."[14] Failure to do so may limit or even preclude Mr. Bingham's ability to conduct a Rule 30(b)(6) deposition.

### ORDER

Based upon the foregoing analysis, the court GRANTS IN PART and DENIES IN PART Mr. Bingham's short form discovery motion to extend the fact discovery deadline.[15] The court grants an extension of fact discovery up to and including February 29, 2024, limited to: (1) the two stipulated depositions discussed above; (2) the Rule 35 examination; (3) re-serving a Rule 30(b)(6) notice that is compliant with Rule 30(b)(6) and DUCivR 30-2 by no later than January 15, 2024; and (4) a Rule 30(b)(6) deposition on those topics in accordance with DUCivR 30-2. However, for the reasons stated above, the court also denies Mr. Bingham's motion for a 90-day extension of fact discovery and precludes discovery not expressly authorized in this order.

IT IS SO ORDERED.

DATED this 27th day of December 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[14] Fed. R. Civ. P. 30(b)(6).

[15] ECF No. 27.