THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| BRENT BINGHAM,<br><br>                Plaintiff,<br><br>v.<br><br>PROGRESSIVE COMMERCIAL CASUALTY COMPANY and UNITED FINANCIAL INSURANCE COMPANY,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [24] DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 1:22-cv-00148-DBB-JCB<br><br>District Judge David Barlow |

Before the court is Defendants Progressive Commercial Casualty Company's and United Financial Insurance Company's (collectively "Progressive") motion for partial summary judgment, which seeks to dispose of Plaintiff Brent Bingham's claim for breach of the implied covenant of good faith and fair dealing.[1] For the following reasons, the court denies Progressive's motion.[2]

## BACKGROUND

At all times relevant, Mr. Bingham was employed by BTB Transportation Inc. ("BTB"), which had car insurance through Progressive that included underinsured motorist coverage.[3] On February 18, 2019, Mr. Bingham was involved in a car crash in Nevada, through no fault of his

---

[1] Defs.' Mot. for Partial Summ. J. ("Defs.' Mot."), ECF No. 24.
[2] Defendant requested oral argument on the motion. *See* Reply in Support of Def.'s Mot. for Partial Summ. J. ("Def.'s Reply"), ECF No. 34. The court has determined that oral argument would not materially assist it. *See* DUCivR 7-1(g).
[3] Def.'s Mot. 3; Pl.'s Resp. in Opp'n to Def.'s Mot. for Partial Summ. J. ("Pl.'s Resp.") 2, ECF No. 33; Am. Compl. ¶¶ 6–11, ECF No. 6; Am. Answer to Am. Compl. ("Am. Answer") ¶ 5, ECF No. 17.

1

own.[4] Mr. Bingham received a settlement payment from the at-fault driver's liability insurance, and then submitted a claim to Progressive.[5] Progressive attempted to settle the claim; Mr. Bingham rejected Progressive's settlement offer and filed this action, alleging breach of contract and breach of the implied covenant of good faith and fair dealing.[6] In essence, Mr. Bingham alleges that Progressive's offer would not cover the remaining damages arising from the crash.[7]

Progressive asserts that Mr. Bingham seeks only attorney's fees as damages for his bad faith claim.[8] Mr. Bingham disputes this fact and asserts that his damages on that claim include the damages alleged for his breach of contract claim.[9] On December 1, 2023, Progressive filed the present motion, which was fully briefed on January 12, 2024.[10]

## STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] "A fact is material if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented."[12] Where the moving party does not bear the ultimate burden of proof on an issue at trial, the party may simply point out to the court the lack of evidence to support the nonmoving

---

[4] Def.'s Mot. 3; Pl.'s Resp. 2; Am. Compl. ¶¶ 12–25; Am. Answer ¶¶ 9–13.
[5] Def.'s Mot. 4; Pl.'s Resp. 2; Am. Compl. ¶¶ 40–41, 44; Am. Answer ¶¶ 19–20.
[6] Defs.' Mot. 4; Pl.'s Resp. 2; Am. Compl. ¶¶ 49–52; *id.* ¶¶ 38–68; Am. Answer ¶¶ 23–25.
[7] Am. Compl. ¶¶ 51–52.
[8] *See* Def.'s Mot. 4–5; *see also* Pl.'s Initial Disclosures ¶ 5, ECF No. 24-2.
[9] Pl.'s Resp. 2–3.
[10] Defs.' Mot; Pl.'s Resp.; Defs.' Reply.
[11] Fed. R. Civ. P. 56(a).
[12] *Doe v. Univ. of Denver*, 952 F.3d 1182, 1189 (10th Cir. 2020) (quoting *Jones v. Norton*, 809 F.3d 564, 573 (10th Cir. 2015)).

party's case.[13] The burden then shifts to the nonmoving party to demonstrate that there is a genuine dispute of material fact for trial.[14]

## DISCUSSION

There is only one issue before the court: assuming that Progressive breached the implied covenant of good faith and fair dealing, whether Mr. Bingham can show damages resulting from that breach.

In Utah, the covenant of good faith and fair dealing is implied in every contract.[15] Under this covenant, "both parties to a contract impliedly promise not to intentionally do anything to injure the other party's right to receive the benefits of the contract."[16] "A violation of the covenant gives rise to a claim for breach of contract."[17] "And as with all contract claims, damages are an 'essential element.'"[18] The damages available in such cases include "both general damages, *i.e.*, those flowing naturally from the breach, and consequential damages, *i.e.*, those reasonably within the contemplation of, or reasonably foreseeable by, the parties at the time the contract was made."[19] And in the first-party insurance context, these damages are not

---

[13] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).
[14] *Id.* at 324.
[15] *Eggett v. Wasatch Energy Corp.*, 2004 UT 28, ¶ 14, 94 P.3d 193; *accord St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 199 (Utah 1991) (collecting cases).
[16] *Eggett*, 2004 UT 28, ¶ 14 (citations omitted); *Beck v. Farmers Ins. Exchange*, 701 P.2d 795, 798 (Utah 1985) (noting that "the good faith duty to bargain or settle under an insurance contract" is one aspect of the duty of good faith and fair dealing).
[17] *St. Benedicts Dev. Co.*, 811 P.2d at 200.
[18] *S.S. by and through Shaffer v. IHC Health Servs., Inc.*, 2018 UT 13, ¶ 12, 417 P.3d 603 (quoting *Eleopulos v. McFarland & Hullinger, LLC*, 2006 UT App 352, ¶ 9, 145 P.3d 1157); *see also Bair v. Axiom Design, LLC*, 2001 UT 20, ¶ 14, 20 P.3d 388, *abrogated on other grounds as recognized in A.S. v. R.S.*, 2017 UT 77, 416 P.3d 465 (holding that the elements for a breach of contract claim are : "(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages").
[19] *Beck*, 701 P.2d at 801.

necessarily limited to the policy limits.[20] Indeed, "in unusual cases, damages for mental anguish might be provable."[21]

Progressive's argument depends on the following three propositions: (1) Mr. Bingham seeks only attorney's fees on his bad faith claim; (2) attorney's fees are not themselves sufficient to satisfy the damages element for his claim; and (3) even if attorney's fees are themselves sufficient to satisfy the damages element, in this case they are speculative since Mr. Bingham's fees are contingent.[22]

Progressive's argument fails at the first step. Nowhere in the record before the court has Mr. Bingham limited the damages on his alleged bad faith claim to his attorney's fees. Instead, the limited record suggests that Mr. Bingham seeks damages on that claim based on the amount of his economic and noneconomic damages stemming from the crash that were not covered by the settlement with the other insurer, as well as his attorney's fees for bringing this action.[23]

In his Amended Complaint, Mr. Bingham alleges that Progressive breached the implied covenant of good faith and fair dealing "by, among other things: . . . [r]efusing to promptly tender the value of Mr. Bingham's claim; [r]efusing to provide any clear justifiable basis for their refusal to tender the value of Mr. Bingham's claim; . . . [and] [f]orcing Mr. Bingham to file suit to force Progressive . . . to honor [its] obligations, and to incur substantial costs and fees as a result."[24] Thus, the Amended Complaint alleges that "Mr. Bingham has suffered and continues to suffer damages as a result of Progressive's . . . bad faith breach of the covenant of good faith and

---

[20] *Id.* at 802.
[21] *Id.*
[22] Def.'s Mot. 2–3.
[23] *See* Am. Compl. ¶¶ 27–68; Pl.'s Initial Disclosures ¶ 5.
[24] Am. Compl. ¶ 64.

4

fair dealing in amounts to be proven at trial."[25] In other words, the Amended Complaint alleges damages for the breach of the implied covenant of good faith and fair dealing that include both Progressive's alleged failure to promptly pay the full value of his claim and his attorney's fees.

Progressive points to Mr. Bingham's initial disclosures and response to interrogatories as evidence that Mr. Bingham seeks only attorney's fees for his bad faith claim.[26] Mr. Bingham's initial disclosures describe the computation of damages, which include economic damages for medical bills, lost wages, lost earning capacity; noneconomic damages to be proved at trial; and attorney's fees.[27] Thus, while Mr. Bingham's initial disclosures show that *some* of the damages Mr. Bingham seeks include attorney's fees, they cannot be read to suggest that the *only* damages Mr. Bingham seeks for his bad faith claim are his attorney's fees for bringing this suit. Likewise, Mr. Bingham's response to Progressive's interrogatories specifies only that "[t]he attorney fees which Plaintiff seeks in this case are related to Plaintiff's cause of action for breach of covenant of good faith and fair dealing (insurance bad faith)."[28] Nowhere does Mr. Bingham state that the *only* damages he seeks for his bad faith claim are his attorney's fees. And indeed, none of Progressive's interrogatories request that Mr. Bingham specify his damages for his bad faith claim.

On reply, Progressive argues that Mr. Bingham's economic and non-economic damages were not proximately caused by the alleged breach of the implied covenant of good faith and fair

---

[25] *Id.* ¶ 68.
[26] Def.'s Mot. 4, 7–8.
[27] Pl.'s Initial Disclosures ¶ 5.
[28] Pl.'s Responses to Def.'s Second Set of Interrogatories and Requests for Production of Documents 4, ECF No. 24-1.

dealing, but instead were proximately caused by the crash.[29] But in order for Progressive's argument to carry the day, it must assume that only consequential damages, and not general damages, are available for breach of the implied covenant of good faith and fair dealing. No case from the Utah Supreme Court or Utah Court of Appeals has so held.[30] In *Beck*, the Utah Supreme Court held that for a bad faith insurance claim, the measure of damages for would be based in contract law, not tort law.[31] It then noted that "[d]amages recoverable for breach of contract include both general damages . . . . and consequential damages."[32] And in *Machan v. UNUM Life Insurance Co. of America*, the Utah Supreme Court reiterated this statement of the law.[33] Progressive relies on cases focused on consequential damages, not general damages.[34] Unlike consequential damages, general damages do not require proximate cause or foreseeability.[35] At the very least, at this stage, Progressive has not provided the court with a cogent argument or cited Utah caselaw as to why general damages are categorically unavailable on a bad faith claim. Accordingly, Progressive has not demonstrated that it is entitled to judgment as a matter of law.

Thus, contrary to Progressive's argument, Mr. Bingham need not prove that he suffered additional damage as a result of the breach—though he may. He need only prove that the damages he suffered in the crash were covered by the parties' insurance contract. Any such

---

[29] Def.'s Reply 5–10. Progressive raises this argument on reply, and Mr. Bingham has not had the opportunity to respond to it, either with legal argument or evidence.
[30] The parties both cite various decisions from this court. Here, the court bases its reasoning entirely on decisions from the Utah appellate courts.
[31] *Beck*, 701 P.2d at 798–801.
[32] *Id.* at 801.
[33] *Machan*, 2005 UT 37, ¶ 15 (noting that *Beck* established the scope of available damages for breach of the implied covenant of good faith and fair dealing, and that such includes both general and consequential damages).
[34] *See* Def.'s Reply 4–20.
[35] *See Trans-Western Petroleum, Inc. v. U.S. Gypsum Co.*, 2016 UT 27, ¶¶ 1, 15–17, 379 P.3d 1200 (discussing general and consequential damages).

expenses covered by the parties' contract that Mr. Bingham has thus far paid himself would be general damages. In other words, even assuming Mr. Bingham cannot establish that his medical bills were proximately caused by Progressive's alleged breach, such is immaterial.

Finally, Progressive further argues on reply that damages for breach of contract cannot double as damages for the breach of the implied covenant of good faith and fair dealing, "at least absent some evidence they were caused by Progressive's alleged bad faith conduct."[36] The court has already addressed the causation issue. And Progressive has cited no apposite caselaw suggesting that the same damages could not satisfy the damages element for both a breach of contract claim and a claim for the breach of the implied covenant of good faith and fair dealing. Of course, Mr. Bingham cannot recover for both claims where the damages are identical[37]; but that does not mean that Mr. Bingham's bad faith claim fails at this stage.

In sum, there is at least a genuine dispute of material fact about whether Mr. Bingham has been damaged by Progressive's alleged breach of the implied covenant of good faith and fair dealing. The limited record before the court suggests that Mr. Bingham suffered damages as a result of the crash,[38] and in the insurance context, if those damages are covered by the insurance contract, they may become contract damages as well.

---

[36] Defs.' Reply 10–20.
[37] *E.g.*, *Helf v. Chevron USA, Inc.*, 2015 UT 81, ¶¶ 69–70, 361 P.3d 63.
[38] *See* Am. Compl. ¶¶ 27–68; Pl.'s Initial Disclosures ¶ 5.